## FRY v. HENRIETTA INDEPENDENT SCHOOL DIST.

### No. 13561.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 23, 1936.

W. G. Eustis, of Henrietta, for appellant.

Bunting & Stine, of Henrietta, for appellee.

BROWN, Justice.

This is a petition for a writ of mandamus on the part of appellant, in his capacity as administrator, to compel the official stenographer of the district court of Clay county, in which the cause was tried, to furnish appellant a statement of facts without payment therefor.

The theory presented is that inasmuch as the statute provides an administrator may appeal without the necessity of making a bond, this administrator is entitled to a statement of facts without paying therefor.

Article 2238 of the Rev.Civ.Statutes, as amended by Acts 1931, 1st Called Sess., c. 34, § 2 (Vernon's Ann.Civ.St. art. 2238), provides in substance that when any party to a suit reported by a court reporter shall desire a transcript of the reporter's notes of the evidence in such suit, such party may apply for same and the stenographer shall file an original and duplicate copy thereof, in question and answer form, among the papers in the cause, and it shall be made the duty of the court, if the transcript be found to be correct, to approve the same; and provides that before the approval thereof notice of the filing shall be given to the interested parties, who may make objections thereto, and any objections, if found to be material and well founded, shall be allowed, and that if the transcript is approved and signed by the judge, then the same shall be filed among the papers of the cause and become a record therein but is not to be recorded. Article 2238, as amended by Acts 1931, 42d Leg., 1st Called Sess., c. 34, § 2 (Vernon's Ann.Civ.St. art. 2238).

Article 2239, as amended by Acts 1931, 1st Called Sess., c. 34, § 3 (Vernon's Ann. Civ.St. art. 2239) provides in substance that in case an appeal is taken the original stenographer's transcript in question and answer form shall be sent up as the report of the testimony therein, and the cost of such transcript paid by either party shall be taxed against the party losing the appeal. The article further provides for a payment of 15 cents per 100 words for the original transcript made in question and answer form, all of which "such reporter shall receive as compensation therefor."

Article 2324, in prescribing the duty of each official court reporter, requires the court reporter to preserve all of his shorthand notes for future use or reference for a full year, and to furnish to any person a transcript in question and answer form or narrative form of all such evidence "upon the payment to him of the fees provided by law."

Construing these articles together, it is apparent that a party desiring to appeal must apply to the court stenographer for a transcript of the evidence and that it is the duty of the stenographer to make up an original and duplicate copy and file same among the papers in the cause, and

that then it is made the duty of the trial court to inspect the transcript, and if it is found to be correct, to approve it. But requirement is had that notice of the filing shall be given to the ·interested parties and that they may make objections thereto, and after all this is done, if the transcript is approved and signed by the judge, it shall then be filed among the papers of the cause and become a record therein. It is further apparent that the party desiring the transcript must apply to the court stenographer for it,. and it further appears that he must pay for the transcript before it becomes a part of the record in the cause. In construing these three statutes, we cannot escape the conclusion reached.

We hold that the administrator must pay for the transcript of the evidence regardless of the fact that he is not required to give a bond on appeal.

The petition for writ of mandamus is denied.